MARTIN L. SMITH & another *vs.* HAVERHILL MUTUAL FIRE INSURANCE COMPANY.

If an application for insurance contains an agreement that the assured will be "bound by the act of incorporation and by-laws of the company," and the policy issuing thereon recites that the company will be liable "according to the true intent and meaning of said act of incorporation and by-laws," and refers to the application as binding upon the assured, under the limitations and conditions expressed in the by-laws, the assured must comply with the conditions of the by-laws relative to giving notice and making proof of loss; and if the by-laws provide that every one sustaining loss "within thirty days shall file with the secretary a particular account of the amount," &c., the omission to do so for seventeen months will discharge the policy.

An omission to give notice and make proof of loss, in compliance with the requirements of the by-laws of a mutual insurance company, is not waived by a statement of the president of the company, made seventeen months after the loss, that the company would be disposed to do what was right, that they knew at the time of the fire that it was their loss, and were surprised that they were not notified; or by a subsequent direction from the directors of the company to one of the assignees in insolvency of the assured, in reply to a verbal claim of loss made by him, to have a statement of loss sent to them, and they would take the subject into consideration; or by a subsequent vote of the directors to require the assured to make a statement under oath in regard to the loss.

Knowledge by an agent of a mutual insurance company of a fire by which a loss occurred does not relieve the assured from the duty of giving notice and making proof of loss, according to the by-laws.

CONTRACT upon a policy of insurance issued by the defendants to the firm of M. &. J. Ricker, of whose estate the plaintiffs are assignees in insolvency. The answer denied that the plaintiffs had given notice and made proof of loss, according to the by-laws, by which the assured were bound.

At the trial in this court, before *Merrick,* J., it appeared that the application for insurance was filled out in the name of Nahum Stone, and his name was upon it as "agent." This application contained a clause as follows: "in case of insurance he (the applicant) holds himself bound by the act of incorporation and by-laws of the company." It appeared that the application was signed by the assured, delivered to Stone, who forwarded it to the defendants, and received in return the policy in suit, which he delivered to the assured. The policy was for one year from the 1st of October 1855, and contained the following clauses: "to which (*i. e.* to the application) reference is to be had in explanation of this instrument, and by which the said assured is bound, under the limitations and conditions expressed in the by-laws aforesaid." "Now, know ye, that the absolute and conditional funds of the said company are hereby bound and subjected to satisfy and make good unto the said assured, his heirs, executors, administrators or assigns, all the loss or damage by fire which may happen to the said insured property, within the term aforesaid, according to the true intent and meaning of the said act of incorporation and by-laws." The 10th article of the by-laws was as follows: "Every member sustaining loss by fire shall forthwith give notice thereof to the company, and within thirty days shall file with the secretary a particular account of the amount of his loss, and the whole value the property insured at the time of such fire." "And unless such proofs, declarations and certificates shall be produced within said thirty days," "the losses shall not be payable." "Any loss not claimed within said thirty days shall not be paid unless by consent of two thirds of the directors."

Upon the book of records of the directors of the company a vote was recorded, before the time of issuing the policy in suit, appointing Stone as an agent; but there was no proof of the

nature of his agency except his acts of receiving and transmitting the application and policy in the present case. The property insured was destroyed by fire on the night of August 3 1856; and at this time Nahum Stone lived within a few hundred feet of the place where it was situated. No notice of the loss was given to the defendants, or to any of their agents or officers, until January 1858.

M. & J. Ricker afterwards went into insolvency, and, in December 1857, the plaintiffs were chosen assignees. About the 1st of January 1858, Smith, one of the plaintiffs, saw the president of the company, and told him the reason why the notice and proof of loss had been omitted, to wit, that the Rickers had another policy, which they looked at by mistake, and found that it had expired; and the president replied that the company would be disposed to do what was right, that they knew at the time of the fire that it was their loss, and were surprised that they were not notified, and asked him to go before the directors. He went before the directors, and they directed him to have the Rickers send to them a statement of the loss, and they would take the subject into consideration; but made no promise of payment. The statement of loss was sent accordingly.

A copy of the records of the directors of the company was put in evidence, as follows: " Action of the directors of the Haverhill Fire Insurance Company in case of M. & J. Ricker. Full board of directors, thirteen. January 11 1858. Voted, that M. & J. Ricker of Cambridge be required to make a statement under oath in regard to loss and damage by fire to property insured by policy No. 8255. Nine directors present." After several meetings in which this claim was considered, it was voted, May 10 1858, not to pay it; and the plaintiffs were notified thereof.

The court directed a verdict for the defendants, with the agreement that the case should be reported for the consideration of the full court.

*W. L. Burt,* for the plaintiffs, cited, to the point that the plaintiffs were not bound by the by-laws, *Kingsley* v. *New England Ins. Co.* 8 Cush. 393; that, even if so bound, their provisions

might be and were waived by the defendants. *Edwards* v. *Baltimore Ins. Co.* 3 Gill, 176. *O'Niel* v. *Buffalo Ins. Co.* 3 Comst. 122. *Grant* v. *Lexington Ins. Co.* 5 Indiana, 23. *Protection Ins Co.* v. *Harmer,* 2 Ohio, N. S. 452. *Ames* v. *New York Ins. Co* 4 Kernan, 253. *Peoria Ins. Co.* v. *Lewis,* 18 Ill. 553. *Heath* v. *Franklin Ins. Co.* 1 Cush. 257. *Kingsley* v. *New England Ins. Co.* 8 Cush. 393. *Clark* v. *New England Ins. Co.* 6 Cush. 342. *Underhill* v. *Agawam Ins. Co.* 6 Cush. 440. *Vos* v. *Robinson* 9 Johns. 192. *McMasters* v. *Westchester County Ins. Co.* 25 Wend. 379. *Ætna Ins. Co.* v. *Tyler,* 16 Wend. 385, 401. *Noyes* v. *Washington County Ins. Co.* 30 Verm. 659.

*J G. Abbott & S. A. Brown,* for the defendants.

BIGELOW, C. J. This is a very plain case. The plaintiffs claim in the right of the original assured, and are bound by all the stipulations contained in the contract of insurance. By the tenth article of the by-laws it is provided, that the assured shall within thirty days after a loss by fire file with the secretary of the company a particular account of the amount of his loss, the value of the property insured at the time of the fire, and his interest and title therein. It is also further provided by the same by-law that, unless such proofs and declarations are filed within thirty days, losses shall not be payable. The policy was clearly made subject to this by-law. Not only did the assured in the application which is referred to in the policy agree to be bound by the by-laws, but the promise of the defendants was to indemnify the assured " according to the true intent and meaning of, the act of incorporation and by-laws."

It is not pretended that the provisions of the by-laws were complied with by the assured. No notice of the loss was given to the company until nearly a year and a half after the fire. By the terms of the contract, therefore, the loss was not payable.

There was no sufficient evidence of a waiver of this provision in the by-laws by the directors of the company, nor of any consent to the payment of the loss by two thirds of the directors, according to the stipulations in the same article of the by-laws. All the facts show that the defendants stood on their rights, and never intended to yield anything in the negotiations which they

had with the plaintiffs. After so long a lapse of time between the occurrence of the fire and the notice of the loss, very strong evidence of waiver would be necessary. During this interval of time many old members of the company must have ceased to be associates, by the expiration of their policies, and many new ones had doubtless come in. Under such circumstances, therefore, it is difficult to believe that the directors would consent to admit their liability for a loss from which they had been discharged by the laches of the assured, and which, if allowed, would essentially affect the interests of their policy holders. This view of the case renders it unnecessary to decide whether the directors had power to waive the provisions of the by-laws relating to the notice of loss. See *Hale* v. *Mechanics' Ins. Co.* 6 Gray, 173. *Baxter* v. *Chelsea Ins. Co. ante*, 294.

*Judgment on the verdict.*